# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JOSE LOPEZ and YUDANYS   )
AMAT-VERGARA, on behalf of   )
themselves and all others similarly situated, )  Civil Action No.
             )
      Plaintiffs,   )
             )
             )
             )
v.            )
             )
             )
             )
ICON EQUITIES, LLC, THE   )
AFFILIATED GROUP, INC.,   )
doing business as AFFILIATED  )
CREDIT SERVICES,    )
             )
      Defendant(s).  )

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

    Plaintiffs Jose Lopez and Yudanys Amat-Vergara, on behalf of themselves and all others similarly situated by and through their undersigned attorney, allege against the above-named Defendants Icon Equities, LLC and the Affiliated Group, Inc. d/b/a Affiliated Credit Services (hereinafter "ASC"), their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

    1.   Plaintiffs bring this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1367. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. § 1331(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.       As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector," are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 et *seq.*, which prohibits certain debt collections practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff Jose Lopez is a natural person who resides in Passaic, New Jersey.

7.      Plaintiff Yudanys Amat-Vergara is a natural person who resides in Parlin, New Jersey.

8.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9.      Defendant Icon Equities, LLC, is a limited liability company chartered under the law of Nevada with its principal office at 9201 Quaday Avenue, NE, Suite 207, Otsego, Minnesota 55330.

10. Defendant Icon Equities, LLC, claims to acquire defaulted consumer debts originally paid to others. It then attempts to collect them.

11. Defendant Icon Equities, LLC, uses the mails and telephone system in conducting business.

12. Defendant Icon Equities, LLC, does business in New Jersey.

13. Defendant Icon Equities, LLC, is a "debt collector" as defined in the FDCPA.

14. Defendant Icon Equities, LLC, has never been authorized to act as a collection agency by the New Jersey Secretary of State.

15. Defendant Icon Equities, LLC, has never held a license under authority of the New Jersey Licensed Lenders Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans).

16. Defendant ACS, is a Minnesota corporation. It is located at 3055 41st Street, NW, Suite 100, Rochester, Minnesota 55901.

17. The business of ACS consists of attempting to collect delinquent consumer debts allegedly owed to others.

18. Defendant ACS, does or transacts business in New Jersey.

19. Defendant ACS, is a "debt collector" as defined in the FDCPA.

**FACTUAL ALLEGATIONS**

15. This action concerns attempts by ACS to collect consumer loans (credit card) made by GE Capital Retail Bank to Plaintiffs Jose Lopez and Yudanys Amat-Vergara, for personal, family or household purposes and not for business purposes. The loans were allegedly purchased by Icon Equities, LLC.

16.     GE Capital Retail Bank was engaged in the business of extending credit on credit cards to individuals in amounts less than $50,000 that were not secured by a first mortgage. It did so more than 26 times per year in New Jersey.

17.     ASC has been attempting to collect the alleged loan made to Plaintiff Jose Lopez, on behalf of Icon Equities, LLC which claims to have purchased the loan after it became delinquent.

18.     ACS sent Mr. Lopez a letter dated January 27, 2012 in an attempt to collect the alleged debt. (Attached hereto as Exhibit A).

19.     Exhibit A claims that Icon Equities, LLC has "purchased" Mr. Lopez' account.

20.     Exhibit A claims that ACS is entitled to payment of the alleged debt on behalf of Icon Equities, LLC.

21.     Exhibit A is a form letter intended for use by ACS as the initial letter it sends to a debtor.

22.     ASC has been attempting to collect the alleged loan made to Plaintiff Yudanys Amat-Vergara, on behalf of Icon Equities, LLC which claims to have purchased the loan after it became delinquent.

23.     ACS sent Ms. Amat-Vergara a letter dated January 27, 2012 in an attempt to collect the alleged debt. (Attached hereto as Exhibit B).

24.     Exhibit B claims that Icon Equities, LLC has "purchased" Ms. Amat-Vergara's account.

25.     Exhibit B claims that ACS is entitled to payment of the alleged debt on behalf of Icon Equities, LLC.

26.    <u>Exhibit B</u> is a form letter intended for use by ACS as the initial letter it

sends to a debtor.

27.    The text of <u>Exhibits A and B</u> read in pertinent part:

> On behalf of Icon Equities, LLC, we at Affiliated Credit Services understand that bad things happen to good people and **<u>recognize that you have recently attempted to resolve this debt through a debt settlement organization. Whether you are currently enrolled or were previously enrolled in a debt settlement program</u>**, we welcome this opportunity to work with you or your debt settlement company to resolve your debt, please contact out office and inform us of your situation so together we can assist you. Our representatives are trained to assist you with any array of options. Even if your funds are limited right now, just take a few minutes to give us a call and fill us in your situation.

(Emphasis added).

28.    Mr. Lopez was enrolled in a debt settlement program and represented by

an attorney with respect to the alleged debt ACS attempted to collect on behalf of Icon

Equities, LLC. (<u>Exhibit C</u>)

29.    Ms. Amat-Vergara was enrolled in a debt settlement program and

represented by an attorney with respect to the alleged debt ACS attempted to collect on

behalf of Icon Equities, LLC. (<u>Exhibit D</u>)

30.    ACS had knowledge of attorney representation with respect to the alleged

debt it attempted to collect from Mr. Lopez and ACS could readily ascertain the name

and address of counsel.

31.    ACS has knowledge of attorney representation with respect to the alleged

debt it attempted to collect from Ms. Amat-Vergara and ACS could readily ascertain the

name and address of counsel.

32.     Despite knowledge of attorney representation with respect to the alleged debts of Mr. Lopez and Ms. Amat-Vergara, ACS communicated directly with Plaintiffs in attempts to collect the alleged debt.

33.     Additionally, Icon Equities, LLC is not entitled to payment for any consumer loans, and ACS, an agent of an unlicensed principal, is not entitled to seek payment on behalf of Icon Equities, LLC.

## APPLICABLE PROVISIONS OF THE NEW JERSEY LICENSED LENDERS ACT

34.     Plaintiffs Jose Lopez and Yudanys Amat-Vergara are borrowers as defined by the New Jersey Licensed Lender Act (hereinafter "NJLLA"), N.J.S.A. 17:11C-1, *et seq.*

35.     Icon Equities. LLC is a consumer lender as defined by the NJLLA, N.J.S.A.  17:11C-1, *et seq.*

36.     **Section 17:11C-2 states:**

**17: 11C-2 Definitions regarding licensed lenders.**

 **2. As used in this act:**

  **"Borrower" means any person applying for a loan from a licensed lender under this act, whether or not the loan is granted, and any person who has actually obtained such a loan.**

  **"Consumer lender" means a person licensed, or a person that should be licensed, under this act to engage in the consumer loan business.**

  **"Consumer loan business" means the business of making loans of money, credit, good or things in action, which are to be used primarily**

for personal, family, or household purposes, in the amount of value of $50,000 or less……..or in the business of buying, discounting or indorsing notes…..shall be deemed to be engaging in the consumer loan business.

37.     NJLLA § 17:11C-3 states license required for mortgage banker, broker, secondary mortgage, consumer loan business.

3. a. No person shall…..engage in the consumer loan business without first obtaining a license under this act,….

b. The department shall issue licenses under this act which specify whether a licensee may act as a…….consumer lender. A licensee may not engage in a licensed activity under the act unless the licensee issue by the department specifies that the licensee may engage in that licensed activity.

38.     NJLLA § 17:11C-6 states a depository institution, trust company, insurance company, or pawnbroker operating under R.S.45:22-1 et seq., may conduct consumer loan business without obtaining a license under this act and without being subject to this act.

39.     Icon Equities, LLC, is not a licensed depository institution in New Jersey.

40.     Icon Equities, LLC, is not a licensed trust company in New Jersey.

41.     Icon Equities, LLC, is not a licensed insurance company in New Jersey.

42.     Icon Equities, LLC, is not a licensed pawnbroker in New Jersey.

43. Icon Equities, LLC, does not have a license under the New Jersey Licensed Lenders Act.

44. Icon Equities, LLC, violated the New Jersey Licensed Lenders Act by allegedly purchasing Mr. Lopez's loan without licenses required by the New Jersey Licensed Lenders Act.

45. Icon Equities, LLC, violated the New Jersey Licensed Lenders Act by allegedly purchasing Ms. Amat-Vergara's loan without licenses required by the New Jersey Licensed Lenders Act.

## CLASS ACTION ALLEGATIONS

46. Plaintiffs bring this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of themselves and all consumers and their successors in interest (hereinafter the "Class"), who have received debt collection letters, notices and/or telephone calls from ACS on behalf of Icon Equities, LLC which are in violation of the FDCPA, as described in this Complaint.

47. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collections letters, notices and/or received telephone calls from the ACS on behalf of Icon Equities, LLC that contained at least one of the alleged violations arising from the Defendants' violations of 15 U.S.C. 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

48. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters, notices, and/or telephone calls from the ACS on behalf of Icon Equities, LLC that violate specific provisions of the FDCPA. Plaintiffs are complaining of a standard form letter, notice and/or telephone call that is sent/made to hundreds of persons;

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Icon Equities, LLC purchased consumer loans in violation of the New Jersey Licensed Lenders Act;

    b. Whether ACS and Icon Equities, LLC violated various provisions of the FDCPA;

    c. Whether Plaintiffs and the Class have been injured by the conduct of ACS and Icon Equities, LLC;

    d. Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    e. Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiffs' claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiffs have no interest adverse or antagonistic to the interest of the other member of the Class.

- Plaintiffs will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrong complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain proceeds of their ill-gotten gains.

- Defendants have acted on grounds that generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et. seq.*

49.　Plaintiffs incorporate by reference paragraphs 1-45.

50.　Defendants Icon Equities, LLC and ACS, violated 15 U.S.C. §§ 1692c, 1692e, 1692e(2), ad 1692e(10) by communicating with plaintiffs and class members when they knew that plaintiffs and class members were represented by attorneys and by sending plaintiffs and the class members letters such as Exhibit A and B and/or making telephone calls, representing that ACS, had the right to collect payment of the alleged debt on behalf of Icon Equities, LLC, alleged purchaser of the debt.

51.　Section 1692c provides:

**§ 1692c.　Communication in connection with debt collection**

**COMMUNICATION WITH CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-…**

**(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communications from the debt collector or unless the attorney consents to direct communication with the consumer;...**

52.     Section 1692e provides:

**§ 1692e.        False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general applications of the foregoing, the following conduct is a violation of this section:…**

**(2)        The false representation of-**

**(A)        the character, amount, or legal status of any debt;…**

**(10)        The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for;

(1)        Statutory damages;

(2)        Attorney's fees, litigations expenses and costs of suit;

(3)        Such other or further relief s the Court deems proper.

Dated: Fort Lee, New Jersey
       January 25, 2013

/s **Benjamin Nazmiyal**
Benjamin Nazmiyal (BN8889)
Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 2
Fort Lee, NJ, 07024
(201) 379-5507
(201) 849-5074 – Facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.


/s *Benjamin Nazmiyal*
Benjamin Nazmiyal, Esq.